Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
E-mail: gustavo@kazlg.com
mona@kazlg.com

*Attorneys for Plaintiff,*
Robert Robb

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT ROBB,<br>Plaintiff,<br>v.<br>BOUNCE AI, INC.,<br>Defendant. | Case No.:<br>**COMPLAINT FOR VIOLATIONS OF:**<br>**(1) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692, ET SEQ.; AND,**<br>**(2) NEVADA DECEPTIVE TRADE PRACTICES ACT, NRS § 598.0915, ET SEQ.**<br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//
//
//



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.
2. Furthermore, the Nevada legislature has determined that consumers must be protected from deceptive trade practices and consumer fraud. The Legislature has established that violations of federal debt collection laws constitute deceptive trade practices under state law, and that victims of such consumer fraud are entitled to bring a civil action for damages pursuant to NRS § 41.600.
3. Plaintiff ROBERT ROBB ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Defendant BOUNCE AI, INC. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.
4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.
5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.
6. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.
7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such

KAZEROUNI LAW GROUP, APC

violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k) because this action arises under federal law.

10. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because the state claims are so related to the federal claims that they form part of the same case or controversy.

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Nevada Deceptive Trade Practices Act, NRS §§ 598.0915, et seq.

12. Because Defendant conducts business within the State of Nevada, personal jurisdiction is established.

13. Venue is proper in the United States District Court, District of Nevada pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Lyon, State of Nevada which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the County of Lyon, State of Nevada, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is located at 333 Metro Park, Suite S-205, Rochester,

KAZEROUNI LAW GROUP, APC

NY 14623. Plaintiff further alleges, at all times relevant herein, Defendant conducted business in the State of Nevada and in the County of Lyon, and within this judicial district.

16. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the County of Lyon, in the State of Nevada.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of Nevada.

20. Sometime around or before April 2026, Plaintiff allegedly incurred financial obligations to Affirm, Inc. that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

21. Sometime thereafter, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection.

22. Defendant utilized a text messaging platform to transmit automated debt collection messages to Plaintiff's cellular telephone number from the short code 85164.

23. In its messages, Defendant explicitly instructed Plaintiff: "*Reply STOP to opt out of future messages.*"

24. On April 22, 2026, at 2:11 p.m., Defendant transmitted a collection text message

to Plaintiff. Plaintiff followed Defendant's instructions and replied "STOP" at 2:49 p.m.

25. Despite Plaintiff's clear and unambiguous instruction to cease communication via text message, Defendant completely ignored Plaintiff's request and continued sending text messages to Plaintiff.

26. Defendant transmitted subsequent collection texts on April 26, May 4, May 9, May 13, and June 13, 2026. Plaintiff diligently replied "STOP" to every single message.

27. Following Plaintiff's sixth "STOP" reply on June 13, 2026, Defendant's automated system finally processed the opt-out, replying: *"Bounce Ai, Inc. – Debt Collector: You have successfully unsubscribed and will no longer receive text msgs."*

28. In total, Defendant transmitted at least six (6) automated debt collection text messages to Plaintiff *after* receiving Plaintiff's initial "STOP" directive.

29. The abovementioned texts from Defendant were each "communication(s)" as 15 U.S.C. § 1692a(2) defines that term.

30. Through the above conduct, Defendant violated 12 C.F.R. § 1006.14(h)(1) (Regulation F), which expressly prohibits a debt collector from communicating with a consumer through a specific medium after the consumer requests that the collector not use that medium.

31. Through the above-described continued collection communications, or attempted communications, after Plaintiff's written "STOP" request, Defendant violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff further after Plaintiff notified Defendant in writing that Plaintiff wanted Defendant to cease further communications with Plaintiff.

32. Through the above-described continued collection communications, or attempted communications, after Plaintiff's written "STOP" request, Defendant has engaged in conduct the natural consequence of which was to harass, oppress, or



KAZEROUNI LAW GROUP, APC

abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

33. By persisting to engage in the above-described collection activities and communications with Plaintiff, Defendant made representations to Plaintiff related to Plaintiff's right to cease collection calls from Defendant, which was false, deceptive, or misleading in collection with the collection of an alleged debt in violation of 15 U.S.C. § 1692e.

34. Through continued collection communications to Plaintiff in attempt to collect upon the alleged debt after receiving Plaintiff's above-described "STOP" messages expressly requesting that Defendant cease such communications, Defendant has engaged in conduct in violation of 15 U.S.C. § 1692f by using unfair or unconscionable means in attempt to collect an alleged debt from Plaintiff.

35. Through all the above-mentioned conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendant has violated 15 U.S.C. §§ 1692c(c), 1692d, 1692e, and 1692f.

36. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiff has suffered mental anguish by way of stress, frustration, and anxiety over the fact that Defendant has continued its collection communications despite receiving multiple explicit "STOP" messages from Plaintiff requesting Defendant to cease such communications with Plaintiff.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, et seq. (FDCPA)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute numerous and multiple violations of



KAZEROUNI LAW GROUP, APC

the FDCPA.

39. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## VIOLATION OF THE NEVADA DECEPTIVE TRADE PRACTICES ACT
## NRS §§ 598.0915, et seq.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the Nevada Deceptive Trade Practices Act.

42. Under Nevada law, NRS § 649.370 provides that a violation of the federal FDCPA, or any regulation adopted pursuant thereto (such as Regulation F), is deemed a violation of Nevada state law regarding collection agencies.

43. Furthermore, NRS § 598.0923(1)(c) provides that a person engages in a "deceptive trade practice" if, in the course of his or her business or occupation, he or she violates a state or federal statute or regulation relating to the sale or lease of goods or services. The collection of consumer debts is directly related to the original consumer transaction and falls within the scope of this statute.

44. Defendant's knowing, repeated, and continuous transmission of collection texts after Plaintiff expressly requested in writing that Defendant "STOP" constitutes violations of both the FDCPA and NRS § 649.370, and therefore constitutes a deceptive trade practice under NRS § 598.0923(1)(c).

45. Plaintiff brings this claim pursuant to NRS § 41.600 because NRS § 649 and NRS § 598 do not contain independent private rights of action.

46. Pursuant to NRS § 41.600(1) and (2)(e), a person who is a victim of "consumer fraud," which expressly includes a deceptive trade practice as defined in NRS §



KAZEROUNI LAW GROUP, APC

598, may bring an action to recover damages and other relief provided by law.

47. As a result of Defendant's deceptive trade practices and consumer fraud, Plaintiff is entitled to actual damages, costs, and reasonable attorney's fees pursuant to NRS § 41.600(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- an award of actual damages, costs, and reasonable attorney's fees pursuant to NRS § 41.600(3), against Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and,
- any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

48. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

DATED this 8th day of October 2026.

**KAZEROUNI LAW GROUP, APC**

By: /s/ *Gustavo Ponce, Esq.*

Gustavo Ponce, Esq.
Mona Amini, Esq.
6940 S. Cimarron Road, Suite 210
Las Vegas, Nevada 89113
*Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC